11 WRIT DENIED.
We consolidated these writ applications on our own motion, having noted that both applicants are charged in the same proceeding and present substantially similar issues.
Having carefully considered the matters presented in both writ applications, we find the exercise of our supervisory jurisdiction is not warranted due to the issuance of superseding arrest warrants outlining somewhat different charges than those for which the defendants were originally arrested.
Even though we decline to exercise our supervisory jurisdiction, the trial judge *389 having ruled entirely correctly, we do note that, absent the subsequent issuance of the arrest warrants, defendant Hughart would have been entitled to release on his own recognizance on the original charges. Hughart’s rights were, indeed, violated under Art. 230.2 of the Louisiana Code of Criminal Procedure, in that his initial war-rantless arrest for “conspiracy to manufacture,” as well as the initial booking charge against him of “attempted manufacture of methamphetimine” were not followed timely by a finding of probable cause by a magistrate.
LAs to Bettencourt, the trial court correctly found, in his learned analysis, that the affidavit in support of a search warrant for his home was made and probable cause found for Bettencourt’s criminal involvement relative to same, well within the 48-hour time frame required by La. C. Cr. P. art. 230.2, essentially satisfying the requirements of said article. This stroke of fortuity will not always be present so as to inure to the benefit of the state, but owing to the possessory nature of these charges, the issuance of the search warrant here satisfies Riverside and its progeny. County of Riverside vs. McLaughlin, 500 U.S. 44, 111 S.Ct. 1661, 114 L.Ed.2d 49 (1991) and La. C. Cr. P. art. 230.2.
It is noted that no hearing is required under Art. 230.2. Additionally, counsel requests a release without bail obligation, which is a misstatement of the remedy, or sanction for violation of the article. The proper remedy would be R.O.R. status. Further, the issue of no re-booking is a non-issue. The actual charges on the bills of information supersede the booking issue. La. C. Cr. P. art. 61.
Finally, all pending charges against Bettencourt and Hughart flow from a series of arrest warrants issued January 12, 2000, rendering Art. 230.2 inapplicable to these later charges, as findings of probable cause by the Judge were required in order for the arrest warrants to issue.
Accordingly, the applications requesting further relief by these two defendants are DENIED.